IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

In re: Dennis Bolze,

    Debtor.
_____/

Carol Muszik and Jerard Muszik,

    Plaintiffs,

v.

Dennis Bolze,

    Defendant.

Case No.   3:09-bk-30075

Chapter 7

Adversary
Case No. _____

---

## COMPLAINT FOR ADVERSARY PROCEEDING

---

Plaintiffs, Carol Muszik and Jerard Muszik, commence this action against the Defendant (Debtor), Dennis Bolze. For their cause of action, the Plaintiffs would show as follows.

1. An involuntary petition under Chapter 7 was filed on behalf of the Debtor on January 9, 2009.

2. This Complaint seeks a determination of dischargeability of debts owed by Debtor to the Plaintiffs. The debts owed to the Plaintiffs are an exception to discharge.

3. The Plaintiffs are citizens of the State of Tennessee, residing in Sevier County, Tennessee.

1

4.  The Debtor is a citizen of the State of Tennessee and is currently incarcerated in the Blount County Corrections Facility in Maryville, Tennessee.

5.  This Court has jurisdiction under 11 U.S.C. § 727, 11 U.S.C. § 523, and 28 U.S.C. § 1334. This adversary proceeding relates to the Chapter 7 Bankruptcy Proceeding referenced above in the style of this Complaint.

6.  This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2). In particular, this action is one which is commenced for the purpose of objecting to the dischargeability of debt owed by the Debtor to the Musziks. 28 U.S.C. § 157(2)(I).

7.  On or about December 15, 2008, prior to the Petition date, the Plaintiffs entered into an agreement with the Debtor whereby the Plaintiffs loaned the Debtor the sum of $472,570.00, documented by a Secured Promissory Note and a Deed of Trust. See attached Exhibit A (Note) and Exhibit B (Deed of Trust).

8.  The terms of the Note required that the loan be paid back in installments. Costs of collection, including attorney fees, and interest were called for under the terms of the Note.

9.  As part of the agreement and as a condition of the loan via the above referenced Note and Deed of Trust, Debtor was to repay a debt owed the Plaintiff. Accordingly, Debtor tendered a check for payment of the debt. Based upon Debtor's delivery of the check to the Plaintiff and misrepresentations, Plaintiffs extended the loan documented by the Note and Deed of Trust.

10. The check tendered to the Plaintiffs as part of the agreement between the parties could not be negotiated due to insufficient funds in the bank account on which the check was written.

11.   The Debtor knew that the account on which the check was written had insufficient funds. Debtor knew that he was without sufficient means to pay the amounts owed the Plaintiffs as such amounts were documented via the check and Note.

12.   The Debtor has breached his contracts, commitments, and obligations with the Plaintiffs via his failure to return and/or properly credit the Plaintiffs with the funds loaned and the funds due from Debtor pursuant to the check (i.e., bank draft).

13.   The agreement and loan made by the Plaintiffs resulted from the fraud and misrepresentations of the Debtor. The misrepresentations of the Debtor include his representation that the tendered check could be negotiated and that funds were readily available for such; that the Debtor had the capability and liquidity to repay the loan in accordance with its terms; that he was a licensed or registered investor and securities trader gainfully employed; that he was a real estate investor and developer/contractor with sufficient liquidity to satisfy his existing debts when they were to become due; and that he had sufficient net worth to adequately satisfy his personal obligation timely. The representations of the Debtor were relied upon by the Musziks as a factor in their decision to loan money to the Debtor.

14.   The fraud and misrepresentations of the Debtor were intentional, malicious, and reckless. The acts of Debtor were made with the intent of promoting and extending a fraudulent scheme of bilking the Plaintiffs of their money.

15.   The agreement and loan was made by Mr. and Ms. Muszik to the Defendant/Debtor as a result of:

    a)    false pretenses;

    b)    false representations; and

    c)    actual fraud.

Consequently, the debt owed to Mr. and Ms. Muszik is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). Certain misrepresentations of Debtor relied upon by Plaintiffs were presented in writing and were materially false respecting the debtor's financial condition. The representations relied upon by the Plaintiffs were meant by the Debtor to deceive the Plaintiffs.

16. Mr. and Ms. Muszik relied on the fraudulent actions and inactions of the Debtor to their detriment.

THEREFORE, UPON THE ABOVE PREMISES, it is requested

a. that the debt owed by the Defendant/Debtor to the Plaintiffs, Carol and Jerard Muszik, be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2);

b. that Plaintiffs be awarded attorney's fees, pre-judgment and post-judgment interest, costs of this action and costs of collection, including damages and costs to be awarded in accordance with the Note; and

c. that other and further relief be granted as appropriate and specified as consistent with the facts of this case and the Bankruptcy Act.

Respectfully submitted this 21st day of July, 2009.

/s/ Scott D. Hall
Scott D. Hall, BPR #014874
Attorney for Carol and Jerard Muszik
105 Bruce Street
Sevierville, Tennessee 37862
(865) 428-9900